# EXHIBIT A

**SUMMONS**

| | |
|---|---|
| Attorney(s) | Richard M. Zelma, pro se |
| Office Address | 940 Blanch Avenue |
| Town, State, Zip Code | Norwood, New Jersey 07648 |
| Telephone Number | (201) 767-8153 |
| Attorney(s) for Plaintiff | Self |

Richard M. Zelma, pro se

Plaintiff(s)

Vs.

LLOYD ECKER, individually & LLOYD ECKER ENTER. et al

ALL ABOUT THE BABY ENTERPRISES LLC, et als.

Defendant(s)

**Superior Court of New Jersey**

| | |
|---|---|
| Bergen | COUNTY |
| Law | DIVISION |

Docket No: BER-L-009209-15

# CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above,has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Clerk of the Superior Court

*Michaelle M. Smith*

DATED:    10/28/2015

Name of Defendant to Be Served:    Lloyd Ecker individually and All About the Baby Enterprises LLC, et als

Address of Defendant to Be Served:    Serve both at: 15 Woodfield Rd, Pomona NY 10970

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

**Appendix XII-B1**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY |
|---|
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| 1. ATTORNEY / PRO SE NAME | 2. TELEPHONE NUMBER | 3. COUNTY OF VENUE |
|---|---|---|
| Richard M. Zelma, pro se | (201) 767-8153 | Bergen |

| 4. FIRM NAME (if applicable) | 5. DOCKET NUMBER (when available) |
|---|---|
| N/A | BER-L-009209-15 |

| 6. OFFICE ADDRESS | 7. DOCUMENT TYPE |
|---|---|
| 940 Blanch Avenue<br>Norwood NJ 07648 | Complaint |
| | 8. JURY DEMAND ☐ Yes ■ No |

| 9. NAME OF PARTY (e.g., John Doe, Plaintiff) | 10. CAPTION |
|---|---|
| Richard M. Zelma | ZELMA vs. LLOYD ECKER; INDIVIDUALLY;  LLOYD ECKER a/k/a LLOYD ECKER ENTERPRISES; ALL ABOUT THE BABY LLC, d/b/a ALL ABOUT THE BABY ENTERPRISES LLC. |

| 11. CASE TYPE NUMBER (See reverse side for listing) | 12. HURRICANE SANDY RELATED? | 13. IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO |
|---|---|---|
| 699 | ☐ YES ■ NO | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| 14. RELATED CASES PENDING? | 15. IF YES, LIST DOCKET NUMBERS |
|---|---|
| ☐ Yes ■ No | |

| 16. DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? | 17. NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) |
|---|---|
| ☐ Yes ■ No | ☐ NONE<br>■ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| 18. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? | IF YES, IS THAT RELATIONSHIP: |
|---|---|
| ☐ Yes ■ No | ☐ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain)<br>☐ FAMILIAL ☐ BUSINESS |

| 19. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? | ☐ YES ■ No |
|---|---|

20. USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| 21. DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| ☐ Yes ■ No | |
| **22. WILL AN INTERPRETER BE NEEDED?** | IF YES, FOR WHAT LANGUAGE? |
| ☐ Yes ■ No | |

23. I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

24. ATTORNEY SIGNATURE:



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151   NAME CHANGE
- 175   FORFEITURE
- 302   TENANCY
- 399   REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502   BOOK ACCOUNT (debt collection matters only)
- 505   OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506   PIP COVERAGE
- 510   UM or UIM CLAIM (coverage issues only)
- 511   ACTION ON NEGOTIABLE INSTRUMENT
- 512   LEMON LAW
- 801   SUMMARY ACTION
- 802   OPEN PUBLIC RECORDS ACT (summary action)
- 999   OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305   CONSTRUCTION
- 509   EMPLOYMENT (other than CEPA or LAD)
- 599   CONTRACT/COMMERCIAL TRANSACTION
- 603N  AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y  AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605   PERSONAL INJURY
- 610   AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621   UM or UIM CLAIM (includes bodily injury)
- 699   TORT – OTHER

**Track III - 450 days' discovery**
- 005   CIVIL RIGHTS
- 301   CONDEMNATION
- 602   ASSAULT AND BATTERY
- 604   MEDICAL MALPRACTICE
- 606   PRODUCT LIABILITY
- 607   PROFESSIONAL MALPRACTICE
- 608   TOXIC TORT
- 609   DEFAMATION
- 616   WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617   INVERSE CONDEMNATION
- 618   LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156   ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303   MT. LAUREL
- 508   COMPLEX COMMERCIAL
- 513   COMPLEX CONSTRUCTION
- 514   INSURANCE FRAUD
- 620   FALSE CLAIMS ACT
- 701   ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**

| | | | |
|---|---|---|---|
| 271 | ACCUTANE/ISOTRETINOIN | 289 | REGLAN |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION |
| 278 | ZOMETA/AREDIA | 291 | PELVIC MESH/GYNECARE |
| 279 | GADOLINIUM | 292 | PELVIC MESH/BARD |
| 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 293 | DEPUY ASR HIP IMPLANT LITIGATION |
| 282 | FOSAMAX | 295 | ALLODERM REGENERATIVE TISSUE MATRIX |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 296 | STRYKER REJUVENATE/ABG II MODULAR  HIP STEM COMPONENTS |
| 286 | LEVAQUIN | 297 | MIRENA CONTRACEPTIVE DEVICE |
| 287 | YAZ/YASMIN/OCELLA | 601 | ASBESTOS |
| 288 | PRUDENTIAL TORT LITIGATION | 623 | PROPECIA |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category**   ☐ **Putative Class Action**   ☐ **Title 59**

```
BERGEN COUNTY COURTHOUSE
SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK        NJ 07601-7680
                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (201) 527-2600
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:    OCTOBER 26, 2015
                    RE:      ZELMA VS ECKER
                    DOCKET:  BER L -009209 15

      THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 2.

      DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

      THE PRETRIAL JUDGE ASSIGNED IS: HON GREGG A. PADOVANO

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     001
AT: (201) 527-2600.

      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                              RICHARD M. ZELMA
                              940 BLANCH AVENUE
                              NORWOOD          NJ 07648


JUBDIA1
```

RICHARD M. ZELMA
Richard M. Zelma, *Pro Se*
940 Blanch Avenue
Norwood, New Jersey 07648
TCPALAW@optonline.net
Tel: 201 767 8153

SUPERIOR COURT BERGEN COUNTY
**FILED**

OCT 2 2 2015

*Laura A. Sersoldoni*
DEPUTY CLERK

| | |
|---|---|
| RICHARD M. ZELMA<br>PLAINTIFF<br>VS.<br>LLOYD ECKER, INDIVIDUALLY,<br>and<br>LLOYD ECKER a/k/a LLOYD ECKER ENTERPRISES,<br>and<br>LLOYD ECKER as OWNER, OFFICER, MANAGING MEMBER for ALL ABOUT THE BABY LLC,<br>and<br>ALL ABOUT THE BABY LLC, d/b/a ALL ABOUT THE BABY ENTERPRISES LLC,<br>and<br>DOES' (1-5) and ABC CORPORATIONS' (1-5); EACH ACTING INDIVIDUALLY, IN CONCERT OR AS A GROUP.<br><br>DEFENDANTS' | SUPERIOR COURT OF NEW JERSEY<br><br>BERGEN COUNTY<br><br>LAW DIVISION<br>DOCKET NO. BER-L- 9209-15<br><br>Civil Action<br>**COMPLAINT FOR STRICT LIABILITY STATUTORY DAMAGES, TREBLED DAMAGES, STATE COURT DAMAGES and PERMANENT INJUNCTIVE RELIEF** |

## I. INTRODUCTION

1.  Plaintiff, Richard M. Zelma, residing at 940 Blanch Avenue, Norwood, New Jersey, by way of Complaint as against Defendants' says as follows:

2.  This suit is brought pursuant to applicable authorities; 47 U.S.C. §227 (b)(3), (c)(5) and N.J.S.A. §56:8-119 *et seq*, which prohibit the initiation of unsolicited marketing calls made by telephone; whether

1

live, prerecorded, initiated through an Automated Dialing and Announcement Device (ADAD) or Automatic Telephone Dialing System (ATDS), (hereinafter; "dialers") or manually dialed.

3. As set forth herein, the Defendants prohibited, unwanted and repeated calls, made to Plaintiff's residential telephone, to sell the defendants unwanted and/or unneeded products, goods or services, caused undue harassment, violated the peace and solitude of his home and violated federal and state no-call laws.

## II. **PARTIES**

4. Richard M. Zelma (hereinafter, "Plaintiff"), is a natural person and senior citizen, residing at 940 Blanch Avenue, in the Borough of Norwood, Bergen County New Jersey 07648.

5. Upon information and belief, Defendant Lloyd Ecker (hereinafter "Ecker" or "Defendant"), is owner, managing member and/or managing partner of Defendant, All About the Baby LLC, as well as a variety of alter egos captioned above. Plaintiff sues Defendant Ecker individually under the Responsible Corporate Officer Doctrine. Ecker transacts or has transacted business in New Jersey.

6. Upon information and belief, Defendant All About the Baby Enterprises LLC, (hereinafter "All About the Baby" or "Defendant"), along with its variety of alter egos cited

2

above, is a domestic for-profit corporation organized under the laws of the State of Delaware with its principal corporate office located at 15 Woodfield Rd, Pomona, NY 10970. All About the Baby transacts or has transacted business in New Jersey.

7.   Defendant 'All About the Baby' does not list a registered agent; therefore service may be made upon its owner, managing member and/or managing partner, Lloyd Ecker, 15 Woodfield Rd, Pomona, NY 10970.

8.   Defendant Does' and ABC corporations' identities are currently unknown to Plaintiff and such parties will be identified as that information becomes available.

### III. JURISDICTION AND VENUE

9. The facts giving rise to this complaint have their primary effect in the County of Bergen, State of New Jersey. This Court has general jurisdiction under authority of 47 **U.S.C.§§227 (b)(1)(B) & (c)(5)(C)** as well as specific jurisdiction under **N.J.S.A. §§56:8-19 & 119**, where Defendants engaged in substantial, continuous and systematic activities by repeatedly initiating unwanted autodialed calls into New Jersey, within this County, to Plaintiff, a resident whose phone number is registered with the Federal and States no-call list since inception and the controlling jurisdiction in

3

which the violations occurred.

*10.* As further set out below, the defendant's and each of them purposely directed their activities towards Plaintiff, deliberately, willfully or knowingly, annoying his household in the course of soliciting their products, goods or services by telephone, for their own financial gain.

### IV. ACTS OF AGENTS

*11.* Whenever and wherever it is herein alleged that the Defendant[s], either individually, in concert with others or as a group, did any act defined, described or set forth below, it is meant the Defendant[s] performed, caused to be performed and/or participated in the act[s] and/or, that Defendants officers, owner[s], member[s] and/or managing members, partner[s], employees, contractors, assigns, successors, predecessors, affiliates, or 'other' agent[s] performed or participated in those acts on behalf of, for the benefit of, and/or under the authority or direction of the Defendant[s] and each of them.

### V. BACKGROUND

*12.* Plaintiff's phone number, [201] 767 8153 was listed with the Federal Trade Commission's national do-not-call list, at the commencement of that list, effective, October 1, 2003 and remains on that list to this day. [16 **C.F.R.** §310 *et seq*]

4

**13.** Plaintiff's phone number, [201] 767 8153 was placed on the NO-CALL list administered by the State of New Jersey, at the commencement of that list, effective May 17, 2004 and remains on that list to this day. [**N.J.S.A.** **§56:8-119**]

**14.** Plaintiff has/had no prior business relationship with or knowledge of any of the defendants.

**15.** Plaintiff never inquired about the defendant's products or services nor had any contact of any kind with any of the Defendants prior to their telemarketing calls.

**16.** Plaintiff has never sought, inquired, researched nor had any interest in the products or service alleged to be offered by the defendants.

**17.** Plaintiff never provided either or any of the Defendants express written consent to solicit him by phone.

**18.** Plaintiff never provided either or any of the Defendants his residential phone number to solicit him.

### VI. <u>FACTUAL ALLEGATIONS</u>

**19.** Upon information and belief, Defendant Ecker operates a business by which he profits through the distribution, dissemination and use of discount coupons for baby products.

**20.** Upon information and belief, Defendant Ecker sells

5

goods or services in connection with baby products.

21. In an effort to disseminate his goods, services and coupons Ecker employees various methods of advertising including telemarketing.

22. Among other things, Ecker employees the services of off-shore telemarketing call centers and either provides them with phone numbers of prospective individuals he wants solicited for the offered coupons, or directs them to use a random or sequential number generated dialer to solicit a given area (code) at random.

23. When Plaintiff answered each of the defendant's unwanted calls, at no time did they have the name of the intended recipient.

24. Plaintiff believes and thereby avers that Ecker's call-centers never know who they are calling but rather introduce the call through an automated dialing and announcement device (ADAD) where the announcement suggests the called recipient may have a new baby or know of someone having a new baby.

25. It is therefore believed that Ecker's call-centers employ the use of a random or sequential dialer to reach their intended recipients, including that of Plaintiff.

26. For each of the defendant's calls where a live

agent came on line, Plaintiff advised the caller he does not have a new baby.

27. The caller would press the issue by going on a fishing expedition asking plaintiff if he knew of anyone in the neighborhood who had a new baby.

28. It is believed that Ecker formulated, directed, controlled, had the authority to control and participated in the acts and practices set forth in this Complaint.

29. It is believed Ecker hired the call-centers or owns the call centers; wrote and /or approved the scripts used in the calls and paid a lead generator for telephone numbers used in the scheme or in the alternative, chose a specific dialer to randomly or sequentially dial such numbers.

30. To avoid actual identity, Ecker used overseas call-centers in a misguided theory to thwart the laws that protect consumers from unwanted telemarketing calls believing he could block their identity.

31. Upon Plaintiffs inquiry with the New Jersey Department of Law and Public Safety, Telemarketing Registration Division, the Defendants or either of them at the time of the subject calls, had not registered with the Telemarketing Registration Division with their intent to solicit into the State nor did they purchase a no-call list from the State as required under **N.J.A.C.** §13:45D-3.1.

7

*32.* It is believed Ecker had the authority to control the prohibited acts or practices alleged herein, but chose not to do so.

*33.* As alleged herein, Ecker's reckless disregard for the law, knowingly implemented and initiated his unlawful acts and thus violated the TCPA as well as the New Jersey no-call-law.

## VII. <u>THE VIOLATIVE CALLS</u>

*34.* **(The "FIRST call")** On 08/08/2013 03:27 PM, Plaintiff answered that call made to his residential land-line, [201] 767-8153, identified on his Caller ID coming from (845) 764-9442. The Caller ID "name field" displayed Newburgh, NY.

*35.* Plaintiff answered that call during its second ring cycle; Plaintiff said hello, there was no response; the line was silent for more then two seconds, after a few more seconds, dial tone returned; a prerecorded abandoned call announcement was never played.

*36.* Within 1 minute of that call, Plaintiff called back to (845) 764-9442 where a prerecorded announcement, stated; *"THIS MAILBOX IS FULL AND CANNOT ACCEPT ANY MORE MESSAGES."*

*37.* Therefore, Plaintiff was unable to identify the calling party or make a no-call-request during normal business hours as required by the TCPA.

*38.* **(The "SECOND call")**. 08/08/2013 06:35PM, Plaintiff

8

received and answered a call made to his residential land-line of [201] 767-8153, identified on his Caller ID coming from, (845) 764-9442.

**39.** Upon Plaintiffs completed greeting of "hello, Plaintiff heard a prerecorded announcement telling him to stay on line to hear a very important message about savings for a newborn baby.

**40.** While plaintiff waited, a live female agent with a heavy foreign accent came on line and asked Plaintiff if he had a new baby.

**41.** Plaintiff responded with "no" but the caller continued to ask if Plaintiff knew of anyone in the area that had a new baby.

**42.** Plaintiff asked and was told the company was called "All About the Baby" the name of the Defendant[s].

**43.** Throughout the duration of that call, Plaintiff asked but the representative avoided providing the identity of the actual call-center which initiated the call.

**44.** The caller refused to provide or avoided providing Plaintiff telephone numbers or an address at which the person or entity on whose behalf the call was being made, may be reached, but suggested Plaintiff go to their website.

*45.* The caller did not understand Plaintiffs no call request but suggested Plaintiff go to the web site.

*46.* When Plaintiff asked for the caller's specific location, the agent said they were not permitted to give that out.

*47.* When the agent hung up, Plaintiff immediately called back to [845] 764-9442 where a prerecorded announcement stated; *"THIS MAILBOX IS FULL AND CANNOT ACCEPT ANY MORE MESSAGES."*

*48.* The defendants repeated unlawful calls were captured on Plaintiffs Caller ID as follows:

*49.* (The 3rd call) 08/09/2013: 05:59 PM: from [845] 764-9442.

*50.* (The 4th call) 08/09/2013: 07:07 PM: from [845] 764-9442.

*51.* (The 5th call) 08/11/2013: 02:06 PM: from [845] 764-9442.

*52.* (The 6th call) 08/12/2013: 09:31 AM: from [845] 764-9442.

*53.* (The 7th call) 08/12/2013: 11:31 AM: from [845] 764-9442.

*54.* Plaintiff answered each of the calls, enumerated in ¶¶49 - 53 above; each made to his residential land-line' each identified on Caller ID coming from [845] 764-9442.

*55.* As with their first abandoned call (¶ 34 above), each of the remaining abandoned calls had no live agent to respond, there was no identity of the calling party and just prior to the call disconnecting, there was no abandoned call announcement.

*56.* At all times material and relevant, **at least seven (7) calls** were received and answered by Plaintiff, made to his residential land line, the exact amount of calls to be determined through extensive discovery.

*57.* Each and every call at issue displayed (845) 764-9442, a non-responsive number that prevented Plaintiff from leaving a no-call request during normal business hours and at the time of his call.

*58.* The Defendant's auto-dialer did not provide any announcement as to the name of the caller, the address or a phone number at which the caller could be reached when no agent was available.

*59.* In numerous instances throughout the live call, in connection with the offering of the Defendants services, the representative, directly or indirectly, expressly or by implication, refused to provide the identity of the call center and refused to take a no call request.

*60.* Following the series of unlawful calls, Plaintiffs persistence eventually succeeded by reaching the defendant's callers, August 12, 2103 at 1:16 PM, by calling **[845] 764-9442,** thereby confirming they were a call center making calls for the defendant Lloyd Ecker and his company All About the Baby.

## VIII. THIS COURT'S POWER TO GRANT RELIEF

**61.** 47 U.S.C. §227(b)(3)(A) empowers this Court to grant injunctive and other ancillary relief to prevent and remedy any future violation by the Defendants of any provision of law enforced by the FCC or State Law that protects Plaintiff.

**62.** Accordingly, Plaintiff has a cause of action against the Defendants and each of them and hereby seeks relief under the TCPA's Strict Liability statutory damage award as well as Permanent Injunctive Relief pursuant to the foregoing as against the Defendants and each of them.

## IX. COUNT ONE
### PROHIBITED USE OF AN AUTOMATED DIALING DEVICE
### VIOLATIONS OF 47 U.S.C. §227(b)(1)(B)

**63.** Plaintiff repeats, re-alleges and incorporates by reference Paragraphs one through sixty-two as if set forth in full at length.

**64.** On the dates set forth herein, Plaintiff received and answered **seven** (7) calls to his residential phone line, identified as coming from the defendants.

**65.** The defendants initiated those **seven** (7) calls using an automated telephone dialing system (ATDS) in violation of the proscriptions of the TCPA, **amended February 15, 2012, FCC REPORT & ORDER, _NPRM, 25 FCC Rcd at 1508-1511, paras. 17-23._**

12

Zelma vs. Ecker, *et als*

**66.** Prior to their calls, the Defendants did not have Plaintiffs prior express consent to initiate said calls to his landline phone using an autodialer. **Id.**

**67.** The defendants ATDS did not transmit proper Caller ID information.

**68.** The defendants ATDS did not transmit a name of the calling party in the Caller ID data stream.

**69.** The defendants ATDS did not transmit the requisite two second abandoned call announcement.

**70.** The defendants ATDS abandoned those calls prior to the requisite 15 seconds before plaintiff could answer.

**71.** The defendants foregoing conduct by each of them initiating **seven** (7) calls, constitutes **seven** (7) distinct and separate violations to the TCPA, **47 U.S.C.§227(b)(1)(B)** and the Regulations promulgated thereunder at **47 C.F.R.§§64.1200(a)(1)&(3)**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

Award Plaintiff strict liability statutory damages of $500.00 for each of the violations material to Count One for a total of Three Thousand Five Hundred Dollars ($3,500.00).

## X. COUNT TWO
### PROTECTION OF SUBSCRIBER PRIVACY RIGHTS
### VIOLATIONS OF 47 U.S.C. §227(c)

**72.** Plaintiff repeats, re-alleges and incorporates by

reference Paragraphs one through seventy-one as if set forth in full at length.

73. On the date and times set forth herein, Plaintiff received, answered and identified **seven (7)** calls from the Defendants on his residential telephone [land-line] number [201 767 8153].

74. The defendants initiated those calls and solicited Plaintiff **seven (7)** times. Id.

75. The Defendants initiated telemarketing calls to Plaintiff to his number, [201] 767-8153, a number that was registered on the FTC's no-call-list since inception.

76. Upon information and belief, the Defendants did not register and /or purchase a do-not-call list from the FTC or the New Jersey Division of Consumer Affairs.

77. Upon information and belief, the Defendants agent was not trained to take a do-not-call request.

78. Upon information and belief, the Defendants agent did not record Plaintiff's company specific do-not-call request.

79. Upon information and belief, the defendants purposely, willfully or knowingly transmitted a non-responsive phone number to Plaintiff's Caller ID, thus hindering his attempt to make an immediate do-not-call request to that call-center.

14

*80.* Upon information and belief, the calling agent was instructed by the call-center owner not to disclose the call-centers true identity.

*81.* The defendants' repeated calls gives rise to a cause of action against each of them under authority of 47 U.S.C. §227(c)(5) as well as the Regulations promulgated thereunder.

*82.* The defendants foregoing conduct by each of them, initiating **seven (7)** calls, constitutes **seven (7)** distinct and separate violations of the TCPA, **47 U.S.C.§227(c)** and the Regulations promulgated thereunder, **47 C.F.R.§64.1200(c)(2)(C).**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

Award Plaintiff strict liability statutory damages of $500.00 for each of the violations material to Count Two for a total of Three Thousand Five Hundred Dollars ($3,500.00).

### XI. COUNT THREE
### Award for Statutory Trebled Damages
### For Willful or Knowing Violations of
### the TCPA, 47 U.S.C. §227(b)(3)(C)

*83.* Plaintiff hereby incorporates all of the allegations of paragraphs one through eighty-two as if set forth in full at length.

*84.* Plaintiff's notification not to receive any telemarketing calls was made by his registration with the Federal and State no-call-list at inception of the

15

registry in 2003 & 2004 (respectively). **Id.**

85. The Defendants knowingly or willfully violated the TCPA as well as the N.J. no-call-law when they solicited Plaintiff on the dates set forth above, using an ATDS, intentionally using a carefully orchestrated script and engaged in a fishing expedition to harvest names of parents of newborns.

86. On the dates set forth herein, the defendant(s) knowingly or willfully used an affirmative act in an unconscionable commercial practice of deception, fraud, false pretense, false promise and misrepresentation in connection with the free offer of their alleged discount coupons.

87. The defendant's affirmative act was deceiving as it failed to mention the defendants were selling baby products.

88. On the dates set forth above, the defendants' willfully created a false pretense by claiming to be offering discount coupons in which the end result required the holder to purchase the defendant's property, goods or services.

89. On the dates set forth above, the defendants knowingly solicited into New Jersey while not registered with the Department of Law and Public Safety, New Jersey Division of Consumer Affairs.

90. On the dates set forth above, the Defendants knowingly or willfully initiated calls to Plaintiff with their intent to

solicit him, using deception and false pretense, knowing his number was on the federal and state no-call-list since inception but chose to call him anyway.

91.  The defendants foregoing acts or practices as set forth above, were known, accepted and approved prior to implementation by Defendant Ecker in his capacity as owner, director or managing member for each of the other defendants.

92.  The Communications Act of 1934, 47 <u>U.S.C.</u> §312 (f)(1) (of which the TCPA is a part) does not impose a mental state requirement in that it defines willful conduct as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision, rule or regulation."

93.  The defendants knew or should have known their intentions to call plaintiff would violate the TCPA as well as New Jersey's no-call law, but they chose to initiate the unlawful calls anyway.

94.  The Defendants knowingly or willfully violated <u>**47 U.S.C.§227(b)(1)(B)**</u> which, provides by statute and entitles Plaintiff to treble damages, up to $1,500.00, for each and every violation of Count One.

95.  The Defendants knowingly or willfully violated <u>**47 U.S.C.§227(c)**</u> which, provides by statute and entitles

17

Plaintiff to treble damages, up to $1,500.00, for each and every violation of Count Two.

96. Accordingly, the willful intent to violate the TCPA with direct knowledge of its prohibited acts makes each of the Defendants liable thereunder for treble the $500 statutory strict liability damage amount per violation to Counts One and Two, to an award 'each' of $1500.00 per violation as per Count Three **47 U.S.C. §§227(b)(3)(B) and (C)**.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

Award Plaintiff strict liability statutory trebled damages of $1500.00 for each of the violations material to Counts One and Two for a total of Twenty One Thousand Dollars ($21,000.00).

## XII. COUNT FOUR
### ENGAGING IN PROHIBITED ACTIVITY
### PURSUANT TO N.J.S.A. §56:8-119 *et seq*

97. Plaintiff repeats, re-alleges and incorporates by reference Paragraphs one through ninety-six above as if set-forth in full at length.

98. The Defendants' initiated multiple phone calls to Plaintiffs residential telephone line, [201] 767 8153 in a plan, program or campaign to solicit Plaintiff.

99. New Jersey's no-call-law, codified at N.J.S.A. §56:8-119 *et seq*, defines *"Telemarketing" as a plan,*

*program or campaign which is conducted by telephone to encourage the purchase or rental of, or investment in, merchandise, but does not include the solicitation of sales through media other than a telephone call."*

100. The Defendant[s] initiated seven (7) calls to Plaintiff with the intent to encourage the purchase of or investment in the Defendant's baby products.

101. As a result thereof, and due to the defendant's lack of compliance and repeated unwanted calls, Plaintiff hereby effectuates his right to privacy under law to file suit against the defendants and each of them in an effort to stop their continued unlawful acts and practices.

102. Therefore: Defined under supplemental authority of the New Jersey Consumer Fraud Act, codified at N.J.S.A. §56:8-19, the Act sets-forth the following;

> "§56:8-19 Action ... by injured person; recovery of damages, costs.
>
> Any person who suffers any ascertainable loss of moneys ... as a result of the use or employment by another person of any method, act, or practice declared unlawful under this act or the act hereby amended and supplemented may bring an action . . . therefore in any court of competent jurisdiction. In any action under this section the court shall, in addition to any other appropriate legal or equitable relief, award threefold the damages sustained by any person in interest.
>
> In all actions under this section, including those brought by the Attorney General, the court shall also award reasonable . . ., filing fees and reasonable costs of suit."

103. By bringing suit, Plaintiff incurred the cost and expense of filing fees including that of process

servers as well as the cost of office material associated with this litigation.

104. Further; as a result of the defendant's unwanted calls, Plaintiff expended a significant amount of time trying to identify the Defendants, which as a result, suffered an ascertainable loss of moneys in the process of preserving his privacy rights.

105. The Defendants actions are declared unlawful under the Telephone Consumer Protection Act, 47 USC §227, (TCPA) the <u>act</u> hereby supplemented and are also unlawful under the New Jersey no-call-law, codified at <u>N.J.S.A.</u> §56:8-119 *et seq*.

106. Therefore, in addition to any other appropriate legal or equitable relief, Plaintiff seeks an award of the mandatory threefold damages sustained by him, as a result of the Defendants use or employment of an act or practice declared unlawful under <u>N.J.S.A.</u> §56:8-119 *et seq*, by sending prerecorded telemarketing calls to Plaintiff's home phone, subsequently forcing Plaintiff to bring this action.

WHEREFORE, Plaintiff demands judgment against Defendants under supplemental authority, <u>N.J.S.A.</u> §56:8-19 as follows:

In addition to any other appropriate legal or equitable relief, award Plaintiff the mandatory

threefold damage award for each of the unlawful prerecorded calls material to Count One and Count Two, for a total of Sixty Three Thousand Dollars ($63,000.00).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court:

(a)     Award Plaintiff strict liability statutory damages of $500.00 for each of the **seven (7) calls** made in violation of the regulations prescribed under **47 U.S.C.** §227(b)(1)(B) material to Count One for a total of $3500.00.

(b)     Award Plaintiff strict liability statutory damages of $500.00 for each of the **seven(7) calls** made in violation of the regulations prescribed under **47 U.S.C.** §227(c)(5)(B) material to Count Two for a total of $3500.00.

(c)     Award Plaintiff **trebled damages** for the series of prohibited calls that were willfully or knowingly made in violation of **47 U.S.C. §§227(b)(1)(B)&(c)(5)**, as defined within the Communications Act of 1934, **47 U.S.C. §312(f)(1)**, administered by the FCC,

21

for the **seven (7) calls** addressed in Counts One and Two for a total of $21,000.00.

(d)    Award Plaintiff damages pursuant to **N.J.S.A.** §56:8-119 *et seq* under its supplementing authority, **N.J.S.A.** §56:8-19, where the court shall in addition to any other appropriate legal or equitable relief, award threefold the damages sustained by Plaintiff for a total of Sixty Three Thousand Dollars ($63,000.00).

(e)    Award Plaintiff attorney fees if applicable, pursuant to **N.J.S.A.** §56:8-19

(f)    Award Plaintiff Permanent Injunctive Relief pursuant to 47 **U.S.C.** §227(b)(3)(A)

(g)    In the alternative, award Plaintiff any Other Equitable Relief the Court deems justified to stop the telemarketing defined and described herein.

(h)    Plaintiff reserves the right to supplement this prayer, in the event additional violations surface through continuing discovery.

(i)    Plaintiff waives any award in excess of $74,500.00, (Seventy Four Thousand

Five  Hundred  Dollars),  excluding  costs  and
/or  legal  fees.

Respectfully  submitted,

By: _____

RICHARD  M.  ZELMA,  *pro se*
PLAINTIFF

Dated:  October  19,  2015

## RULE 4:5-1 CERTIFICATION

Pursuant  to  the  requirements  of  R.  4:5-1,  I  certify
that  the  matter  in  controversy  is  not  the  subject  of  any
other  Court  or  Arbitration  proceeding,  nor  is  any  other
Court  or  Arbitration  proceeding  contemplated.  No  other
parties  should  be  joined  in  this  action.

I  certify  that  confidential  personal  identifiers  have  been
redacted  from  documents  now  submitted  to  the  court,  and  will  be
redacted  from  all  documents  submitted  in  the  future  in
accordance  with  Rule  1:38-7(b).

By: _____

RICHARD  M.  ZELMA,  *pro se*
PLAINTIFF

Dated:  October  19,  2015

## NOTICE TO ATTORNEY GENERAL
## FOR THE STATE OF NEW JERSEY

**NOTICE IS HEREBY GIVEN** to the Office of Attorney General for the State of New Jersey pursuant to _N.J.S.A_. §56:8-20 of the within claim based upon violations of the Consumer Fraud Act and the New Jersey no-call law.

I hereby certify that contemporaneous with the filing hereof, a copy of this pleading has been mailed to the aforesaid Office of Attorney General for the State of New Jersey at the New Jersey State Division of Law, Hughes Justice Complex, 25 W. Market St., P.O. Box 112, Trenton, NJ 08625-0112.

RICHARD M. ZELMA, _pro se_
PLAINTIFF
Norwood, NJ 07648

Dated: October 19, 2015